J-S34006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANELLE LILLIAN KANJI | : | |
| | : | |
| Appellant | : | No. 276 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000653-2020


BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: NOVEMBER 8, 2022**

Appellant, Janelle Lillian Kanji, appeals from the February 1, 2022 Judgment of Sentence entered in the Westmoreland County Court of Common Pleas following her conviction of DUI: Controlled Substance—Impaired Ability and Possession of Drug Paraphernalia.[1]  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On October 3, 2019, Appellant ran a red light and rear-ended a minivan driven by Jessica Anne Rodericks.

Pennsylvania State Police Trooper Daniel T. Garbowski responded to the accident.  Upon his arrival, he observed Appellant seated in the driver's seat

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2) and 35 P.S § 780-113(a)(32).

of her vehicle "frantically grabbing items, stuffing them into a backpack."[2] He also noticed the odor of marijuana coming from inside. Trooper Garbowski thought that Appellant appeared "very, very frantic like she was trying to hide something."[3]

While Trooper Garbowski was conducting interviews as part of his crash investigation, Ms. Rodericks interrupted her conversation with Trooper Garbowski to inform him that Appellant was "pass[ing] off a backpack" to an unknown man.[4] Trooper Garbowski turned in the direction indicated by Ms. Rodericks and observed a man walk up a hill with Appellant's backpack and hand off the backpack to a person in a white-colored vehicle. As the vehicle then began to drive away, Trooper Garbowski yelled for the backpack to be returned to the scene.

During Trooper Garbowski's interview of her, Appellant admitted that she had a THC vaping pen in her backpack. That admission, coupled with Appellant's "frantic[,] nervous" actions and the impression that Appellant "was panicking . . . to come up with a story why she crashed the car" caused Trooper Garbowski to suspect that Appellant was driving under the influence.[5]

---

[2] N.T. Suppression, 1/21/21, at 15.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 18.

Approximately 5 to 10 minutes later, the man to whom Appellant had given her backpack returned to it to the scene of the accident. Trooper Garbowski then searched the backpack and recovered the THC pen.

Trooper Garbowski administered field sobriety tests, which indicated that Appellant was impaired and not able to safely drive or operate her vehicle. As a result, Trooper Garbowski arrested Appellant for suspicion of DUI and transported to her to a local hospital for a blood draw. Thereafter, the Commonwealth charged Appellant with the above crimes.[6]

On November 23, 2020, Appellant filed an Omnibus Pre-Trial Motion to Suppress Evidence. Appellant asserted that Trooper Garbowski's search of Appellant's backpack was unlawful because Trooper Garbowski lacked probable cause or reasonable suspicion to believe Appellant was engaged in criminal activity.[7]

---

[6] The Commonwealth also charged Appellant with DUI: Controlled Substance or Metabolite and the summary offenses of Failure to Stop at Red Signal, Prohibiting Text-Based Communications, and Careless Driving.

[7] Appellant also moved for suppression of the results of her blood test results, asserting that her blood sample was taken without her voluntary consent and without a warrant. Following the suppression hearing, the court granted Appellant's motion to suppress her blood test results. As a result, the Commonwealth withdrew the DUI: Controlled Substance or Metabolite charge.

On January 21, 2021, the suppression court held a hearing on Appellant's motion to suppress at which Ms. Rodericks and Trooper Garbowski testified to the above facts.[8]

On February 4, 2021, the suppression court denied Appellant's motion to suppress the contents of her backpack finding that the warrantless search of the bag was permitted due to exigent circumstances.

On June 16, 2021, Appellant's bench trial commenced. The parties agreed to stipulate to the facts from the transcript from the suppression hearing. Following argument from counsel, the trial court convicted Appellant of the above charges.

On September 14, 2021, the trial court sentenced Appellant to a term of six months of probation with restrictive conditions of 40 days of electronic home monitoring for her DUI conviction and a concurrent term of six months of probation for her Possession conviction. On September 17, 2021, Appellant filed a post-sentence motion in which she, *inter alia*, challenged the weight of the evidence and requested that the court resentence her to 72 hours of incarceration in lieu of house arrest for her DUI conviction.[9]

_____

[8] Trooper Garbowski also testified that had Appellant's backpack remained at the scene from the outset, he would have searched it immediately because he "had a suspicion there was something in the backpack that would indicate either paraphernalia or possession" and "for officer's safety reasons" to ensure that Appellant did not have any weapons. **Id.** at 25.

[9] After the Westmoreland County Adult Probation and Parole Office determined that Appellant was not eligible for probation with restrictive conditions, Appellant expressed a preference to serve jail time instead of house arrest.

On February 1, 2022, the court resentenced Appellant to a term of 72 hours to 6 months of incarceration for her DUI conviction. Appellant's probation sentence for her Possession conviction did not change. The trial court denied Appellant's post-sentence motion in all other respects.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [suppression c]ourt err in failing to suppress the contraband found in Appellant's [backpack] which was searched without a warrant and no exception applied?

2. Was the [t]rial [c]ourt's verdict at Count 2[: DUI] against the weight of the evidence?

Before we reach the merits of the issues presented, we must consider whether Appellant has preserved them for our review.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to these rules may

- 5 -

be considered waived, and arguments which are not appropriately developed are waived." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). **See also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

Following our review of the arguments Appellant has presented in support of her claims, we conclude that they are woefully underdeveloped. In her two-paragraph argument, Appellant has provided only one reference to boilerplate authority and no citations whatsoever to the record. Moreover, Appellant has failed to discuss the facts of this case in the context of Pennsylvania search and seizure law or weight of the evidence principles and has not articulated how she believes the trial court erred in light of our standard of review. We cannot and will not act as Appellant's counsel and develop arguments on her behalf. Appellant's failure to develop her arguments have hampered this Court's ability to conduct meaningful appellate review. Thus, we conclude that Appellant has waived her claims by failing to develop them. We, therefore, affirm.

Judgment of Sentence affirmed.

J-S34006-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/8/2022